(Hamilton County Court of Common Pleas.)

E BESUDEN v. The. BESUDEN COMPANY.

---

*Garnishee proceedings brought in another jurisdiction by a creditor of an estate in the hands of a receiver.*

A receiver of a corporation was appointed by the Common Pleas Court of Hamilton

County; a creditor of the corporation living within the jurisdiction of the court caused suits to be instituted in the states of Kentucky and Illinois, and garnisheed debtors of the corporation in those states.

Held: The court appointing the receiver has power to order such creditor to dismiss such garnishee proceedings, and on his failure to comply with order, to punish him as for contempt.

SAYLOR, J.

In this action P. J. Henry was appointed a receiver of the E. Besuden Company; the receiver qualified and gave bond as such. As such receiver he was authorized to take possession of all notes, due bills, books of account, accounts, and all the other property, goods, chattels and effects of every name and description.

The receiver represents to the court that the Eberhard Manufacturing Company is a corporation under the laws of Ohio, and that John McGrath is its agent at Cincinnati, having his place of business in Hamilton county, within the jurisdiction of this court; that said Eberhard Manufacturing Company claims to be a creditor of the E. Besuden Company, and that John McGrath, its agent, had, prior to January 17, 1896, actual notice and knowledge of the appointment of said receiver; that on January 17,1896, said Eberhard Manufacturing Company and John McGrath, its agent, caused a suit to be instituted at Louisville, in the state of Kentucky, against the E. Besuden Company and others, and on the affidavit of John McGrath, caused process of attachment to issue, and certain debtors of the E. Besuden Company, resident of Kentucky, were served with process of garnishment.

Further, that on January 18, 1896, said Eberhard Manufacturing Company and John McGrath, agent as aforesaid, caused a suit to be instituted at Cairo, in the state of Illinois, in which a debtor of the E. Besuden Company was garnisheed. That by reason of said suits the receiver is unable to collect any part of the accounts from said debtors, and said suits and attachments hinder and delay said receiver in carrying out the order of the court, and the receiver asks that a rule issue against said Eberhard Manufacturing Company and John McGrath requiring them, or either of them, to show cause why they should not be attached for contempt.

On the hearing of the motion for a rule it was admitted on behalf of the Eberhard Manufacturing Company and John McGrath, that suits had been brought and attachments issued as stated; but they claim that they may lawfully institute such suits, and cause attachments to issue, and by the garnishment of debts due the E. Besuden Company in such suits, subject the debts to the payment of their claims.

They claim that the receiver appointed in this case acquired no right beyond the jurisdiction of this court; that he acquired no title to the debts garnished by them in Kentucky and Illinois, and that, as between them, under their attachments. and the receiver,, they will prevail in their actions in those states.

In 123 Ind., 477, the court held that the receiver did not acquire a title to a debt in Indiana that was good against an attachment by a creditor of the insolvent. In that case the receiver of partnership was appointed in Illinois, a creditor (citizen of Connecticut) of the partnership sued out a writ of attachment in Indiana and garnisheed a debt, due from a resident of Indiana to the partnership. The court held the situs of the debt was in Indiana (Ib 483 .,) and that the legal authority of the receiver is co-extensive only with the jurisdiction of the court by which he is appointed (Ib., 480,481).

In 110 Ills., 350, the court held that "an assignment in invitum, by virtue of or under a foreign law, does not operate upon a debt or right of action as against a person in this state. or suing here. In this case trustees were appointed in Pennsylvania, and a creditor, resident in Pennsylvania, brought an action by attachment in Illinois, and the trustees intervened and claimed the debt garnishee by virtue of their appointment, and the court held in favor of the attaching creditors.

To the same effect is the case in 44 Conn., 196, in which a citizen of Rhode Island attached in Cincinnati a debt due to a corporation in Pennsylvania. which had made an assignment under the laws of that state.

To the same effect is the case in 7 Phila. 156, in which in a suit in Pennsylvania, a citizen of Kentucky attached money of a citizen of Tennessee in the hands of a citizen of Pennsylvania. Prior thereto a receiver had been appointed in Tennessee. To the same effect is the case in 25 N. Y., 577, in which citizens of New York sued the Toledo Bank in New York and attached its creditors in that state. The Toledo Bank had been placed in the hands of a receiver in Ohio, and the court held that the attaching creditors should prevail as against the receivers.

In these cases the question is as to the right of a receiver outside of the jurisdiction of the court in which he is appointed; to what extent will the courts of another state recognize or enforce the rights acquired in the jurisdiction of his appointment.

There is no question in these cases as to the rights of the receiver within the jurisdiction of the court appointing him, or as to the power of that court within its own jurisdiction.

The case in 17 How. (U. S. ), 322, turns on the relative rights of an assignee under the bankrupt law of the United States, and a receiver appointed in the state of New York, and the court held that a receiver is an officer of the court which appoints him, but can not sue in a foreign jurisdiction for

the property of the debtor. This again is as to the rights of a receiver in a foreign jurisdiction. In the case in 2 Handy, 202, certain creditors of the Kentucky Trust Company Bank obtained orders of attachment in Ohio against the company. The company had been placed in the hands of commissioners in the state of Kentucky, and the question was simply as to the rights of the commissioners in Ohio. The court say "that the order of the Kentucky court, made under the law of that state, did not operate so as to divest any title or interest of the Kentucky Trust Company Bank in property of any description within this state (Ohio), and prevent any legal remedy directed against that property for the satisfaction of a debt, is a proposition which appears to be clearly established by numerous authorities."

It seems to me the question to be determined in this matter is, not what rights a receiver may or may not enforce in a foreign state, but what authority has a court appointing a receiver to enforce the rights of the receiver within its own jurisdiction.

In the case of Cole v. Cunningham (133 U.S., 107), the question was whether the courts of Massachusetts, at the suit of the assignees in insolvency, could restrain a resident creditor of the insolvent from prosecuting an attachment suit in the state of New York. The court say (Ib. 116): "The jurisdiction of the English Court of Chancery to restrain persons within its territorial limits and under its jurisdiction from doing anything abroad, whether the thing forbidden be a conveyance or other act, in pais, or the institution or the prosecution of an action in a foreign court, is well settled; "and the court, in a very elaborate opinion, citing many cases, holds the English rule to be the law of this country, and held that the court of equity in Massachusetts could restrain the creditor from prosecuting the suit in New York.

I think this clearly settles the right of a court of equity, by injunction, to prevent a person within its jurisdiction from prosecuting a suit in another state.

The case in 96 N Y., 248, which would seem to hold a contrary doctrine, is cited and reviewed in this case, and distinguished upon peculiar grounds stated.

But conceding this right in a court of equity, has a court which has appointed a receiver power to order a person within its jurisdiction to dismiss an attachment proceeding brought by him in a foreign jurisdiction, for the purpose of subjecting debts due the estate to the payment of his claim, and if he fails to do so, may the court punish as for contempt.

On this point I am cited to the case of Sercomb v. Catlin, 128 Ill. 556. In that case a receiver of all the effects and property of an insolvent firm was appointed in the State of Illinois under a judgment creditor's bill; the business manager of a foreign corporation having his office in Illinois, caused an attachment to be issued in Washington,

D. C., in favor of his company, against the insolvent firm, and had the same levied on a stock of goods which the insolvent firm had, before the appointment of the receiver, consigned to an auctioneer in Washington.

The court held that it had power to order the attaching creditor to dismiss his action, and on failure to do so, to punish for contempt.

It was contended in that case that the receiver would not be permitted to go into the foreign jurisdiction to get possession of the property in the hands of the auctioneer, as is now contended in this case, on the authorities above cited. But the court say, (Ib. 562): "Undoubtedly the general rule is, that the powers of a receiver are co extensive only with the jurisdiction of the court which appoints him, (citing 108 Ills. 317). He has no extra territorial power of official action. But a receiver appointed in one State may, by comity, be permitted to recover the possession of property in another State, provided no citizen or suitor of the latter State is thereby prejudiced or injured, (citing cases.) If appellant had not caused the attachment to be brought against the goods in Newton's (auctioneer) hands, it does not appear that appellee (the receiver) would not have been allowed to enforce his rights against those goods in the District of Columbia. It is not shown that such action on his part would have injured any citizen or suitor in the District. Newton himself may have eventually surrendered the property to appellee without suit." It was claimed that if the receiver should intervene in the attachment suit, he could not prevail as against the attachment, and under the cases above cited I am inclined to think this claim was correct, but the court say, (Ib. 563): "This doctrine has no bearing upon the question involved in the present controversy. The question is not whether appellee, by intervening in the foreign suit, could be successful therein against the attaching creditors. The question is whether applicant has been guilty of interfering with an officer of the court by causing the attachment suit to be commenced. It is true that the property attached is beyond the jurisdiction of the courts of the State, but the appellant, who caused it to be attached is in this State and within the jurisdiction of its courts. If the Superior Court had no power to reach the goods in Newton's hands, it had the power to reach appellant, who sought to prevent its receiver from getting possession of the goods. It makes no difference that the property was in a foreign jurisdiction. * * * His act is just as much an interference with the receiver as though the property was in Illinois. "

This is a well considered case, and, supported by the doctrine laid down in 133 U. S., seems to determine the rights of the parties and the power of the court in the case at bar.

I think the receiver herein would, by comity, be permitted to recover the debts due the E, Besuden Company in Kentucky

and Illinois, providing no citizen or suitor in such States was thereby prejudced or injured.

If the receiver should intervene in the attachment suits in those ᴠ tates, the courts in which the suits are pending would probably hold, under the authorities cited above, that the rights of the attaching creditor should prevail over the rights of the receiver, as to hold otherwise would be to the injury of a suitor in such state.

But if the Eberhard Manufacturing Company had not caused the attachment suits to be brought, it does not appear that the receiver would not have been allowed to enforce his rights in those states. It is not shown that such action on the part of the receiver would have injured any citizen or suitor in those states. The debtors of the E. Besuden Company who are garnished may have paid to the receiver without suit.

Therefore it would seem that the Eberhard Manufacturing Company and John McGrath, in causing such suits to be instituted, and prosecuting the same, are interfering with the receiver in the discharge of his trust. They are within the jurisdiction of the court, and the court may reach them, if it can not reach the credits in Kentucky and Illinois.

I think this court has power to order the Eberhard Manufacturing Company and John McGrath to dismiss their attachment proceeding, and their failure to comply with the order, to punish as for contempt.

An order may be entered and served on the Eberhard Manufacturing Company and John McGrath, ordering and directing them to dismiss the said proceedings in the State of Kentucky and in the State of Illinois, and to furnish proof of their compliance with such order to this court, by a day to be named.

Wright & Wright, for the plaintiff; Philip Roettinger, contra.